UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Worldwide Creations, LLC, d/b/a
Flowerhouse, a Michigan corporation,

    Plaintiff,

v.                                    Case No. 08-12159

Playhut, Inc., a California corporation,        Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

This patent and trademark infringement action is currently before the Court on Defendant's Motion to Dismiss. The parties have briefed the issues and oral argument was heard on January 29, 2009. Defendant contends that the Court should dismiss this action, pursuant to FED. R.CIV. P. 12(b)(6), for failure to state a claim for patent infringement based upon a recently issued decision from the Federal Circuit. For the reasons below, the Court concludes that the decision relied on by Defendant does not warrant dismissal of this case and shall therefore DENY the motion.

BACKGROUND

Plaintiff Worldwide Creations, LLC, d/b/a Flowerhouse ("Plaintiff") filed this action against Defendant Playhut, Inc. ("Defendant") on May 19, 2008.

Plaintiff's complaint alleges that Plaintiff owns several patents, including: 1) Patent No. D504,519, entitled "COLLAPSIBLE ENCLOSURE"; 2) Patent No. D505,176, entitled "COLLAPSIBLE ENCLOSURE"; and 3) Patent No. D527,786, entitled "ENCLOSURE."

1

(Complaint at ¶¶ 5-7).  Plaintiff is also the owner of several trademarks, including "PLANTHOUSE," "SPRINGHOUSE" and "SEEDHOUSE," for use in association with portable greenhouses.  (Compl. at ¶¶ 8-10).

Plaintiff's complaint alleges that "Defendant is currently offering for sale certain products known as the "SEEDHOUSE," "PLANTHOUSE" and "SPRINGHOUSE."  (Compl. at ¶ 11).  Plaintiff alleges that the "above-referenced products of the Defendant have been offered for sale to customers throughout the United States, including, most recently, at the National Hardware Show in Las Vegas held between May 6 and May 8 of 2008."  (Compl. at ¶ 12).

Plaintiff's complaint asserts the following four counts: 1) "Patent Infringement" (Count I): wherein Plaintiff alleges that Defendant has infringed several of its patents; 2) "Trademark Infringement" (Count II): wherein Plaintiff alleges that Defendant has wrongfully adopted its trademarks for its competing products, constituting an infringement of Plaintiff's trademarks; 3) "Violation of 15 U.S.C. § 1114" (Count III): wherein Plaintiff alleges that Defendant has violated 15 U.S.C. § 1114 by using "in commerce, counterfeit, reproduction, copies or colorable imitation of the Plaintiff's registered marks in connection with the sale, offering for sale, distribution or advertising of goods."; and 4) "Violation of 15 U.S.C. § 1125" (Count IV): wherein Plaintiff alleges that, in violation of 15 U.S.C. § 1125, Defendant has "used in commerce the Plaintiff's trademarks in such a way which is likely to cause confusion or mistake or to deceive as to affiliation or association between the Plaintiff and the Defendant as to the origin, sponsorship or approval.

With respect to Plaintiff's claim for patent infringement (Count I), Plaintiff's allegations include:

14. The Defendant has made, used, sold, or offered for sale, its "PLANT HOUSE" and "SPRINGHOUSE" products, both of which infringe either United States Patent No. D504,519 or D505,176 or both. The Defendant's actions have been without the license, authorization or permission of the Plaintiff.

15. The Defendant's "SPRING HOUSE" product has been offered for sale, sold, manufactured or used in the United States, in infringement of Plaintiff's U.S. Patent No. D504,519.

16. The Defendant has offered for sale, sold, manufactured or used its "SEED HOUSE" product, thereby infringing Plaintiff's U.S. Patent No. D527,786, all without license, permission or authorization from the Plaintiff.

17. As a result of the actions of the Defendant in infringing the Plaintiff's patents, Plaintiff has been damaged, and is threatened with the risk of irreparable harm in the event that continuing infringement of the patents is not enjoined.

(Compl. at ¶¶ 14-17).

On September 28, 2008, Defendant filed the instant Motion to Dismiss.

ANALYSIS

Defendant contends that Plaintiff's complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim for patent or trademark infringement. Defendant's motion is based upon a recently published case from the Federal Circuit, *Medical Solutions, Inc. v. C Change Surgical, LLC*, 541 F.3d 1136 (Fed. Cir. 2008).

*Medical Solutions* was a patent infringement case, brought in the United States District Court for the District of Columbia. "The U.S. Patent Act states that the tort of patent infringement occurs when a party 'without authority makes, *uses*, *offers to sell*, or sells any patented inventions, within the United States or imports into the United States any patented invention during the term of the patent therefor.' 35 U.S.C. § 271(a)." *Medical Solutions,*

*supra*, at 1139 (emphasis added).

In *Medical Solutions*, Defendant filed a motion seeking to dismiss the action for lack of personal jurisdiction. The only real contact that Defendant had in the district was that it had been involved in a trade show that occurred there. Plaintiff argued that personal jurisdiction over the defendant was proper under the District of Columbia's long-arm statute because Defendant both "used" and "offered to sell" the allegedly infringing product at the trade show. The district court rejected the argument that the defendant "used" the plaintiff's patented invention when it displayed and demonstrated the product at the trade show.

The district court also rejected the plaintiff's argument that the defendant "offered to sell" the allegedly infringing product at the show. As to the later decision, the district court based it on traditional contract principles. It reasoned that in order to constitute an "offer to sell," an offer must include price terms, and because the price for the defendant's products was not made available to the attendees of the trade show, there could not have been an offer to sell the allegedly infringing product. *Id*. at 1139.

Plaintiff appealed to the Federal Circuit. On appeal, however, plaintiff abandoned its "offer to sell" argument and relied exclusively on its "use" argument. Thus, the Federal Circuit dealt only with the "use" argument (i.e., that Defendant's activities at the trade show amounted to a "use" under the Patent Act). *Id.* at 1140.

In addressing the narrow issue before it, the court noted that "[s]everal courts addressing whether a defendant has 'used' a patented invention have held that 'the mere demonstration or display of an accused product, even in an obviously commercial atmosphere' is not an act of infringement for purposes of § 271 (a)." *Id.* at 1140 (citations omitted).

It also noted that the "inquiry as to what constitutes a 'use' of a patented item is highly case-specific." *Id.*  The court found that the district court properly considered and interpreted all of the facts with regard to Defendant's use of the allegedly infringing product at the trade show. It noted that the ordinary meaning of "use" is "to put into action or service." *Id*. at 1141. The court noted that at the trade show, Defendant displayed a prototype of its product, staffed its booth with representatives, and made available brochures about the product.  It stated that none of those activities was putting the device into service and that its conduct fell short of practicing all of the elements of any one claim.

Notably, the Court limited its holding to the particular facts and circumstances presented in that case, stating:

> *In this case we need not (and do not) decide whether the demonstration of a product at a trade show could ever be sufficient to establish an infringing use*. We simply conclude that the facts alleged in this case do not establish a prima facie case.  For these reasons, we agree with the district court's conclusion that [Defendant's] display and demonstration of [the product at issue] at the trade show did not constitute a "use" of the allegedly infringing product.

*Id.* at 1141 (emphasis added).

Moreover, although the Plaintiff had abandoned its "offer to sell" argument on appeal, the court observed as follows in a footnote:

> A demonstration of an accused device plus the simultaneous solicitation of purchase orders has been held to amount to a sufficient degree of "selling" activity.  *See U.S. Envtl. Prods., Inc. v. Infilco Degremont, Inc*., 611 F.Supp. 371 (N.D. Ill. 1985).  However, that holding is inapposite here since MSI hangs its hat on the "uses" rather the "sells" prong of § 271 (a).

*Id*. at 1141 n.3.

Defendant's motion is based exclusively on *Medical Solutions*, which it claims "clarified

the exact issue on this Motion – i.e., whether displaying a prototype product at a trade show could give rise to an infringement claim." (Def.'s Br. at 1).

Defendant also contends that some of the allegations in the complaint are untrue and that there is no evidence to establish some of the allegations. Whether the allegations can be supported by sufficient evidence, however, is an issue for summary judgment, not a motion to dismiss.

In response to Defendant's motion, Plaintiff contends that *Medical Solutions* can be readily distinguished.

First, it notes that the inquiry as to what constitutes use of a patent is highly case specific. It then notes that, unlike *Medical Solutions*, this case involves design patents. It states that design patents protect new, original and ornamental designs for articles and that they include only a single claim. The claim is based simply on the illustrations that accompany the patent. Plaintiff states that to use a patented design, an accused infringer merely has to display it because, unlike a utility patent, there is no functionality associated with a design patent. Thus, Plaintiff takes the position that *Medical Solutions* does not bar its claims.

Second, Plaintiff emphasizes that the infringing designs at issue here were "offered for sale" at the trade show. It notes that the district court[1] concluded that the accused infringing products displayed at the trade show were not "on sale" because pricing was not available to attendees at the trade show. It contends this case can be distinguished because attendees, including Mr. Wehner, were given prices for the products at issue.

---

[1] Plaintiff actually asserts that the Federal Circuit so concluded, but it was actually the district court that arrived at that conclusion. The Federal Circuit declined to review the "offered for sale" argument because Plaintiff abandoned it on appeal.

6

Plaintiff also makes additional arguments in support of its claims, including that *Medical Solutions* has no application to claims of trademark infringement.

Having considered the parties' respective positions, the Court shall deny Defendant's Motion to Dismiss. The Court agrees with Plaintiff that *Medical Solutions* can be distinguished on several different bases, and that it does not mandate dismissal of this action.

Here, Plaintiff's complaint alleges that Defendant has infringed its patents by both *using* the products and *offering them for sale*. (Compl. at ¶¶ 14-16). Thus, unlike the situation confronted in *Medical Solutions*, this case is not exclusively based upon a "use" claim. Plaintiff alleges that Defendant offered the products at issue for sale at the trade show.

Moreover, the patent at issue in *Medical Solutions* appears to have been a *utility patent*. The fact that Defendant did not practice all of the elements of any one claim at the trade show was of major significance to the court's conclusion that the defendant's actions at the trade show were insufficient to constitute use under the Patent Act. Unlike the situation in *Medical Solutions*, the patents at issue in this case are *design patents*. Defendant has not submitted any authority to support its position that the holding of *Medical Solutions* should be extended to design patents.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.


Dated: February 3, 2009				S/ Sean F. Cox					
						Sean F. Cox
						United States District Court Judge

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Worldwide Creations, LLC, d/b/a
Flowerhouse, a Michigan corporation,

    Plaintiff,

v.                                                 Case No. 08-12159

Playhut, Inc., a California corporation,        Honorable Sean F. Cox

    Defendant.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 3, 2009.

                                           s/Jennifer Hernandez
                                           Case Manager to
                                           District Judge Sean F. Cox